Roger O. Baldwin, J.
This is an action wherein the plaintiff, a duly licensed real estate dealer, alleges a conspiracy between the three defendants to prevent the plaintiff from obtaining commissions in the sum of $1,025 due him by reason of having produced a purchaser for property known as 209 Carlton Drive, Syracuse, New York, and owned by the defendant Arlene A. Weiskotten.
On the trial the case was severed as to the defendant Arlene A. Weiskotten, she not having been served and being a nonresident of this State.
Briefly, the facts are as follows: One Ruth Saiger, a saleswoman employed by the plaintiff caused an advertisement to be inserted in one of the Syracuse newspapers to the effect that the house owned by the defendant Weiskotten at 209 Carlton Drive' was for sale. Pursuant to this advertisement the defend *171 ant Max Pepper called her and was shown the premises. An offer to purchase was prepared and signed by Max Pepper in the sum of $20,500. When this was presented to Mrs. Weiskotten she refused to sign it, and raised the purchase price $1,000 to $21,500. It was then signed by her. When this new offer was submitted to the defendant Pepper he refused to sign it. He then consulted another realtor who made the same offer, $20,500 to Mrs. Weiskotten which again was refused. Mr. Pepper then contacted his brother-in-law, one Nathan Cohen. He informed him he was desirous of purchasing this property and Cohen prepared a contract in the sum of $20,000 which he submitted to Mrs. Weiskotten.
Before signing this new contract, Mrs. Weiskotten contacted her attorney, one Barney Schwartz of Syracuse, New York, and Mr. Cohen, Mrs. Weiskotten and Mr. Schwartz met. According to the testimony of attorney Schwartz, Mr. Cohen was asked if he was purchasing this property for himself, if he was going to live there and if any person had any interest therein, to all of which he replied that he was purchasing it for himself, was going to live there himself and that no other person had any interest therein.
The contract was then signed by Mrs. Weiskotten to sell the premises for $20,000 and the clause granting the real estate commissions of 5% was stricken from the contract. On the trial Mr. Cohen admitted that he was not buying the house for himself, that he put no money into the transaction, that all of the moneys were furnished by his brother-in-law, Max Pepper, that after the deal was consummated Mr. Pepper moved into the house and some two months later Cohen gave a deed to Max Pepper and his wife for no consideration. Mr. Pepper testified the reason he took the premises in his own name was not to deprive the plaintiff from his commissions, but that his brother-in-law was in some financial difficulties, was being sued, and wanted bim to take the title. He also stated that nothing was talked about between him and his brother-in-law as to commissions or that if he bought the property direct there would be no commissions.
A blind man on a dark night could readily see the transaction between these two brothers-in-law was solely for the purpose of purchasing this property without paying a commission. Cohen admittedly falsified both to Mrs. Weiskotten and to attorney Schwartz. The testimony that two brothers-in-law would talk about such a transaction and that nothing about commissions would enter their conversations is unbelievable.
*172 Mr. Cohen would have the court believe that even though Mrs. Weiskotten had been offered $20,500 just two days previously that he by some magic power could persuade her to sell the premises for $500 cheaper.
While Mrs. Weiskotten has been severed as to this action, it is the opinion of the court she was not a party to any deception and that she herself and her attorney were deceived by the words and actions of the defendants Pepper and Cohen.
On the other hand, the court is convinced that the defendants Pepper and Cohen conspired and connived with each other to prevent the plaintiff from obtaining the commission to which he was justly entitled.
For the foregoing reasons the court finds the plaintiff is entitled to a judgment against the defendants Max Pepper and Nathan Cohen of 5% of the amount of the purchase price, to wit, the sum of $1,000, together with costs, disbursements, and interest.